**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| JOSÉ JAVIER NEGRÓN LABOY AND YAZMIN LABOY GONZÁLEZ | CASE NO. 13-05231 (EAG) |
| DEBTOR. | CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOSÉ JAVIER NEGRÓN LABOY AND YAZMIN LABOY GONZALEZ | |
| PLAINTIFF, | ADV. PROCEEDING NO. 14-00021 |
| v. | |
| SANDRA ENID NEGRÓN LABOY | |
| DEFENDANT. | |

**OPINION AND ORDER**

The chapter 7 trustee moves the court for summary judgment on her complaint against Sandra Enid Negrón Laboy to avoid a preferential transfer under section 547 or, in the alternative, to avoid a fraudulent transfer under section 548 of the Bankruptcy Code.[1] [Adv.

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Dkt. Nos. 37 & 38.] For the reasons stated herein, the trustee's motion for summary judgment is denied.

### I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. PROCEDURAL BACKGROUND

On June 26, 2013, José Javier Negrón Laboy and Yazmin Laboy González filed a chapter 7 bankruptcy petition which was docketed as case number 13-05231. [Bankr. Dkt. No. 1.] The trustee commenced, on January 28, 2014, this adversary proceeding under sections 547 and 548 to avoid the transfer of $6,000.00 that the debtors made to defendant Sandra Enid Negron Laboy, Mr. Negrón's sister. [Bankr. Dkt. No. 32; Adv. Dkt. No. 1.] The trustee requested the entry of default against the defendant, which was entered on November 18, 2014. [Adv. Dkt. Nos. 29 & 31.]

On April 14, 2015, the trustee moved for summary judgment against the defendant. [Adv. Dkt. Nos. 37 & 38.] The defendant did not oppose the motion for summary judgment.[2]

### III. LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338

---

[2] Under Local Bankruptcy Rule 9013-1(c)(1), the defendant had until April 28, 2015, to oppose the motion for summary judgment.

F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)). Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b). Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c). Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The court deems that the trustee complied with Local Civil Rule 56(b) by filing in support for her motion for summary judgment a statement of facts which contains the trustee's uncontested material facts in individually numbered paragraphs and is supported by record citations. See [Adv. Dkt. No. 50.] The defendant, however, ran afoul of Local Civil Rule 56(c) by failing to oppose the trustee's uncontested material facts. Therefore, as provided by Local Civil Rule 56(e), all properly supported facts set forth by the trustee are deemed admitted. See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril'

3

and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

### IV.  UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

On June 26, 2013, the debtors filed a filed a voluntary petition for relief under chapter chapter 7 of the Bankruptcy Code. [Bankr. Dkt. No. 1.]  Mr. Negrón admits transferring funds in the amount of $6,000.00 to the defendant, his sister, during the summer of 2012. [Sworn statement by Mr. Negrón; Adv. Dkt. No. 38.][3] The defendant provided financial help to the debtors between the years 2005 and 2011 that was used for medical procedures of the debtors' son of minor age. [<u>Id.</u>] The defendant has not made any payments to the estate. [Sworn statement by the trustee, Adv. Dkt. No. 38.]

### V.  SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment

---

[3] Local Civil Rule 5 requires that all documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts. <u>See</u>, L. Cv. R. 5(g).  The trustee failed to attach a certified translation of Mr. Negrón's sworn statement and that alone is grounds for denial of the motion for summary judgment.

is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable

5

inferences, and unsupported speculation." <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." <u>Greenburg v. P.R. Mar. Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987); <u>see</u> <u>also</u> <u>Mulero-Rodríguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28, 34 (1st Cir. 1990))

## VI. APPLICABLE LAW AND DISCUSSION

### A. Section 547 - Preferences

Section 547allows the trustee to avoid any transfer of an interest of the debtor in property that is a preference.  11. U.S.C. § 547. There are various requirements that must be met to establish a preference: (1) the transfer was "to or for the benefit of a creditor;" (2) the transfer was made "for or on account of an antecedent debt;" (3)the transfer occurred while the debtor was insolvent; (4) the transfer was made within ninety days before the date of the filing of the bankruptcy petition or between ninety days and one year in the case of an insider;[4] and (5) the transfer has the effect of increasing the amount that the transferee would receive in a chapter 7 case. 11. U.S.C. § 547(b).  The trustee carries the burden of proving all five elements of a preferential transfer. 11. U.S.C. § 547(g); <u>See</u> <u>also</u> <u>Burdick v. Lee</u>, 256 B.R. 837,

---

[4] The defendant is the sister of one of the debtors and therefore an insider. <u>See</u>, 11 U.S.C. §101(31). For insiders, the preferential period extends up to one year before the date of the filing of the bankruptcy petition. 11. U.S.C. § 547(b)(4)(B).

841 (Bankr. D. Mass. 2001) (denying summary judgment because trustee failed to carry the burden under section 547). In this case, the trustee has not met that burden.

The debtor's voluntary petition for relief under chapter 7 was filed on June 26, 2013. For the transfer to fall within the preferential period under section 547 for insiders, the transfer had to be made on or after June 26, 2012. But, the trustee's uncontested facts only establish that the transfer was made during the summer of 2012. Any transfer made in the first days of summer of 2012 falls outside the one-year preferential period. And as the trustee's uncontested facts do not rule out the possibility that the transfer occurred during those five days, the court must infer that it did in assessing the motion for summary judgment.

The uncontested facts also do not show that the debtors were insolvent at the time of the transfer. A debtor is presumed insolvent on and during ninety days before the date of the filing of the petition. 11. U.S.C. § 547(f). To prove insolvency outside the ninety-day period, a debtor's schedules are not "persuasive, dispositive, or controlling on the question of insolvency at the time of the alleged preference." Burdick, 256 B.R. at 841. "[P]roper analysis should focus on more accurate evidence, including appraisals, opinion valuation, actual sales of the assets, and tax returns." Id. The trustee's uncontested facts provide no such evidence.

**B. Section 548 - Fraudulent transfers and obligations**

The trustee may avoid any fraudulent or constructively fraudulent transfer of an interest of the debtor in property, made on or within two years before the filing of the bankruptcy petition. 11. U.S.C. § 548. There are four circumstances in which a transfer could be constructively fraudulent: "all require a lack of reasonably equivalent value in addition to a fragile financial state." 5 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 548.05

7

(16th ed. 2014). Section 548(a)(1)(B) provides that a transfer is constructively fraudulent if the debtor voluntarily or involuntarily: (1) received less than a reasonably equivalent value in exchange for the transfer; and (2) was insolvent on the date the transfer was made or became insolvent as a result of such transfer; or (3) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured. See 11 U.S.C. § 548(a)(1). The party seeking to avoid a fraudulent transfer has the burden of proving each element by a preponderance of the evidence. Burdick, 256 B.R. at 840.

In analyzing the "reasonably equivalent value," the inquiry is generally divided by courts into two parts: (1) whether the debtor received any value[5] in the transaction; and (2) if there was value, whether the value received was "reasonably equivalent" to what the debtor transferred. 5 Collier on Bankruptcy, at ¶ 548.05[2][a]. Whether there was reasonably equivalent value depends on all the facts and circumstances of the case. In re Tri-Star Technologies Co., Inc., 260 B.R. 319, 325 (Bankr. D. Mass. 2001). Both direct and indirect benefits should be considered when comparing what was given with what was received. 260 B.R. at 326. Additionally, an exact exchange is not necessary and the court must "keep the equitable purposes of the statute firmly in mind, recognizing that any significant disparity between the value received and the obligation assumed . . . will have significantly harmed . . . innocent creditors. . . ." Id. (quoting Rubin v. Manufacturers Hanover Trust Co., 661 F.2d 979, 994 (2nd Cir. 1981)).

---

[5] Section 548 defines "value" to mean "property, or satisfaction or securing of a present or antecedent debt of the debtor...." § 548(d)(2)(A).

8

As discussed in the preceding analysis, the trustee has not put forward any evidence to prove that the debtors were insolvent at the time of the transfer. Also, the trustee has failed to prove that debtors received less than a reasonably equivalent value in exchange for the transfer. It is uncontested that the value transferred to the defendant was in the amount of $6,000.00. But Mr. Negrón, in his sworn statement, stated that the financial help he received from his sister was approximately $6,000.00, but admits that he cannot recall the exact amount. The trustee argues in her motion for summary judgment that since Mr. Negrón failed to detail the amount of actual financial help received by his sister, by comparing the fair market value of the property transferred and what was received, "the Trustee may establish that Debtor did not receive a reasonably equivalent value in exchange." [Adv. Proc. Dkt. 37 at p. 8.] That is a legal conclusion which the trustee fails to provide any evidence at all in support of the fair market value of what was received by the debtors.

## VII.  CONCLUSION.

As the trustee's uncontested facts establish neither that the transfer occurred within the one year preference period for insiders, that the debtors were insolvent at the time of the transfer, nor that they received less that the reasonably equivalent value from the defendant, the trustees' motion for summary judgment [at Adv. Nos. 37 & 38] is denied.

In Ponce, Puerto Rico, this 6th day of July 2015.

Edward A. Godoy
U.S. Bankruptcy Judge

9